IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Thomas VENUTO, | |
| Plaintiff, | Civil No. 17-3363 (RBK/KMW) |
| v. | **OPINION** |
| ATLANTIS MOTOR GROUP, LLC, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Plaintiff Thomas Venuto to remand this case to the Superior Court of New Jersey, Atlantic County, Law Division. (Doc. No. 9.) Defendant Atlantis Motor Group, LLC removed to this Court under its diversity jurisdiction pursuant to 28. U.S.C. § 1332. Plaintiff argues that the amount in controversy does not exceed $75,000 and therefore this Court does not have jurisdiction. For the reasons that follow, the Court finds it has jurisdiction over the case and therefore Plaintiff's Motion for Remand is **DENIED**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 23, 2016, Plaintiff purchased a motor vehicle dealer allocation for a new 2017 Ford Mustang GT350R from the Defendant on ebay.com. (Compl. ¶¶ 6-10.) The allocation would have allowed Plaintiff to order the vehicle directly from the manufacturer with customized specifications. (Compl. ¶ 7.) Defendant promised that the vehicle would be delivered by August of 2016. (Compl. ¶ 8.) Plaintiff agreed to pay a total of $23,900 to the Defendant as a motor vehicle dealer for the allocation. (Venuto Certification ¶ 2, Doc. No. 9.) The next day, on June 24, 2016,

the Plaintiff paid the Defendant $14,900 as a predelivery fee via wire transfer. (Compl. ¶ 11.) After the Plaintiff discovered that the vehicle had been purchased from a third-party dealer and not the manufacturer, and that Defendant had failed to deliver the vehicle in August of 2016, Plaintiff demanded a refund of the $14,900 pre-delivery fee he paid for the allocation. (Compl. ¶¶ 12-18.) Defendant refused to refund Plaintiff's $14,900 pre-delivery fee, and to this day has failed to deliver any vehicle to Plaintiff. (Compl. ¶ 20.)

Plaintiff alleges in his Complaint that "[a]s a result of the Defendant's deception and misrepresentations," he has "incurred direct and future monetary losses as well as incidental monetary expenses and damages, inclusive of attorneys' fees and costs." (Compl. ¶ 21.) Plaintiff asserts claims against Defendant for breach of contract (Count I), negligent misrepresentation (Count II), fraud in the inducement (Count III), fraud (Count IV), and a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 ("NJCFA"). Taking all the claims together, Plaintiff demands compensatory damages, consequential damages, interest, punitive damages, treble damages pursuant to N.J.S.A. 56:8-19, property damages, reasonable attorney's fees, interest and costs, and any other relief that the Court deems just and proper. (Compl. ¶¶ 27-63.)

On March 31, 2017, Plaintiff filed a complaint in the Superior Court of New Jersey, Atlantic County. (Notice of Removal ("NOR") Ex. A, Doc. No. 1.) After being served on April 17, 2017, Defendant timely removed the action under 28 U.S.C. §1441. (*See Id.*) Defendant argues this Court has jurisdiction under 28 U.S.C. §1332 because the parties are diverse (NOR ¶ 8), and the Plaintiff's claims satisfy the $75,000 amount in controversy requirement. (NOR ¶ 9.) Plaintiff is a citizen of New Jersey. (NOR ¶ 5.) Defendant is a limited liability company with its principal place of business in Florida, and all the individual limited liability members of Defendant are citizens of Florida, making Defendant a citizen of Florida. (NOR ¶ 6.)

Although Plaintiff's complaint did not contain a specified amount of damages, Defendant argues that the amount in controversy exceeds $75,000 because Plaintiff seeks compensatory damages, consequential damages, property damages, punitive damages, statutory treble damages, and statutory attorneys' fees. (Def. Opp'n, Doc. No. 11.) Plaintiff now moves this Court to remand this matter back to the Superior Court of New Jersey because the amount in controversy does not exceed the jurisdictional threshold of $75,000. (Mot. For Remand, Doc. No. 9.) In support of this motion, Plaintiff asserts that "the principal sum in controversy" in this case is the $14,900 pre-delivery fee. (Venuto Certification ¶ 9, Doc. No. 9.)

II. **LEGAL STANDARD**

The federal courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994). Congress has authorized federal subject-matter jurisdiction in civil suits where the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). The statutory requirement that parties be citizens of different states means that complete diversity must exist; if any two adverse parties are co-citizens, there is no jurisdiction. *See Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 531 (1967). When a corporation is a party, it "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. …" 28 U.S.C. § 1332(c)(1). The parties here are completely diverse, so subject-matter jurisdiction turns on whether the amount in controversy exceeds $75,000.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may

challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

The Third Circuit has provided a "roadmap" for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000. *See Frederico v. Home Depot,* 507 F.3d 188, 196 (3d Cir. 2007). First, if the parties dispute jurisdictional facts, the party carrying the burden of proof must establish federal jurisdiction by a preponderance of the evidence. *Id.* at 194 (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178 (1936)). Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." *McNutt,* 298 U.S. at 189.

Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty." *Frederico,* 507 F.3d at 196. The legal certainty test has two alternative strands. *Id.* If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount." *Id.* at 196–97 (relying on *Morgan v. Gay,* 471 F.3d 469 (3d Cir. 2006)). A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" shall not exceed the

4

jurisdictional minimum. *Id.* at 196. Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* at 197 (emphasis in original) (relying on *Samuel–Bassett v. KIA Motors Am.., Inc.,* 357 F.3d 392 (3d Cir. 2004)).

III. **DISCUSSION**

Although the parties argue about certain jurisdictional facts in this case, the facts that matter—the facts on the face of Plaintiff's complaint—are not in dispute.[1] Thus, the Court now asks whether the jurisdictional amount is met with legal certainty. Plaintiff has not limited damages below the jurisdictional limit, so this case must be remanded if it appears to a "legal certainty" that Plaintiff cannot recover the jurisdictional amount. *Frederico*, 507 F.3d at 197. Determining whether it is legally certain that the Plaintiff's claims are for less than $75,000 depends on the damages he could recover under the New Jersey state law claims contained in his complaint. Therefore, this Court now turns to analyze Plaintiff's New Jersey state law claims, and the categories of damages sought in his complaint.

This Court begins with Plaintiff's claim under New Jersey's Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2, and his common-law fraud claim, because taken together they offer the highest potential recovery to Plaintiff. Pursuant to the NJCFA, Plaintiff seeks compensatory damages, statutory treble damages, and statutory attorneys' fees. In addition to compensatory and consequential damages, Plaintiff seeks punitive damages under his common-law fraud claim.

---

[1] The Defendant contends that "[t]he total value of the contract at issue is $91,745," (Doc. No. 1), but does not demonstrate by a preponderance of the evidence that this is the amount that Plaintiff may claim in damages. The Plaintiff argues that "[t]he principal sum in controversy is . . . $14,900," (Certification of Thomas Venuto ¶ 9), but seeks compensatory damages, treble damages, punitive damages, and attorneys' fees, without limitation. (Compl. ¶¶ 27, 38, 43, 51, 63).

5

For purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied" unless "such damages are unavailable as a matter of law") (quoting *Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir. 1968)).

If Plaintiff is successful, an award of attorneys' fees is mandatory under the NJCFA, N.J.S.A. 56:8-19, so it counts toward the amount in controversy. Punitive damages are also available under Plaintiff's common-law fraud claim, and may aggregate with the damages awarded under the NJCFA. *See Wildstein v. Tru Motors, Inc.*, 227 N.J. Super. 331, 335 (L.D. 1988). New Jersey courts have ruled that although treble damages awarded under the NJCFA are both compensatory and punitive in nature, *Neveroski v. Blair*, 141 N.J. Super. 365, 358 A.2d 473, 482 (A.D. 1976) (overruled on other grounds), it does not preempt additional recovery of punitive damages for common-law fraud. *Wildstein*, 547 A.2d 340 ("It is clear, therefore, that the Consumer Fraud Act does not bar plaintiff from collecting punitive damages for legal fraud."). Thus, if Plaintiff proves the elements of his NJCFA claim and his common-law fraud claim, he is entitled to recover compensatory damages, treble damages, attorneys' fees, and punitive damages, all of which are considered in determining whether it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount.

It is not a legal certainty that Plaintiff cannot recover more than $75,000. At a minimum, Plaintiff alleges $14,900 in compensatory damages. That sum, when trebled, amounts to $44,700.

To meet the jurisdictional threshold, it must be possible for Plaintiff to recover at least $30,300 in some combination of reasonable attorneys' fees under the NJCFA and damages for alternative claims. Reasonable attorneys' fees and damages for alternative claims, including punitives, for could potentially amount to $30,300 or more in the course of litigation. Although we do not evaluate the merits of Plaintiff's arguments, it does not appear to a legal certainty that Plaintiff cannot recover the jurisdictional minimum. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1441 and 1332(a).

IV. **CONCLUSION**

For the forgoing reasons, Plaintiff's motion to remand will be **DENIED**. An accompanying Order shall issue.