IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| THOMAS VENUTO, | : |
| Plaintiff, | : Civil No. 17-3363 (RBK/KMW) |
| v. | : **OPINION** |
| ATLANTIS MOTOR GROUP, LLC, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Thomas Venuto's Motion (Doc. 55) for Partial Summary Judgment and on Defendant Atlantis Motor Group, LLC's Motion (Doc. 66) for Leave to File an Amended Answer. For the reasons expressed herein, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

**I.  BACKGROUND[1]**

In June 2016, Plaintiff sought to purchase a car, allegedly for personal use. (Doc. 55-2 ("Pl. SOF") ¶1.) On June 23, 2016, he thus entered an eBay auction and placed the winning bid on an allocation that Defendant was selling. (*Id.* ¶¶3–4.) This allocation gave the purchaser the ability to order a car from a manufacturer through a car dealer, and allowed "the consumer to include desired vehicle specifications from the manufacturer." (*Id.* ¶3). Defendant alleges that it believed Plaintiff was purchasing a vehicle for resale, rather than for consumer use. (Doc. 60 ("Def. SOF") ¶1.)

---

[1] The Court has set out a lengthy factual background for this case in prior Opinions (Docs. 16, 31), and relays only an abbreviated version relevant to the current motions here.

After Plaintiff won this auction, Defendant sent him a "buyer's order" that identified the vehicle for purchase and the cost involved, and which required him to pay to Defendant $14,900 as a "pre-delivery payment." (Pl. SOF ¶4.) Although the eBay ad stated that delivery would occur around fall 2016, Plaintiff alleges he never received the vehicle from Defendant. (*Id*. ¶¶4–5.) He then demanded that Defendant refund the pre-delivery payment. (*Id*. ¶5.) Defendant did not do so, asserting that the Ford dealership from which Plaintiff was actually purchasing the car was the entity responsible for delivery. (Def. SOF ¶4.) Defendant also alleges that the delay in delivery was due to manufacturing delays beyond the dealership's control, and the vehicle was in fact later made available to Plaintiff on several occasions in early 2017. (*Id.* ¶¶4–5.) It thus argues that Plaintiff's demand for a refund was premature, and that it did not breach any agreement. (*Id.* ¶5.)

Plaintiff brought suit on March 29, 2017 in New Jersey Superior Court alleging five counts: breach of contract (Count I), negligent misrepresentation (Count II), fraud in the inducement (Count III), fraud (Count IV), and violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 ("NJCFA") (Count V). Defendant removed the action to this Court on May 11, 2017 and filed its Answer (Doc. 8) on June 9, 2017. This Court subsequently denied Plaintiff's Motion to Remand (Doc. 17) and Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 32).

Plaintiff now moves for partial summary judgment, arguing that Defendant's clear admissions in the Answer warrant granting summary judgment on Count I (Breach of Contract) and Count V (violation of the NJCFA). (Doc. 55-1 at 7, 19.) Defendant argues in response that the sections of the Answer that support Plaintiff's motion contain inadvertent word processing and proofreading errors, and that it should be permitted to correct these errors—which occur in paragraphs 30, 31, 32, 36, 47, 60, and 61—rather than have summary judgment granted for

Plaintiff on these counts due only to a technicality. Defendant has thus filed a motion to amend its Answer. (Doc. 66.) The Court addresses these motions now.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id*. at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Motion to Amend Answer

Defendant must first show under Federal Rule of Civil Procedure 16(b) that it may modify the Scheduling Order to allow filing an amended pleading out of time, and then that it may file the amended pleading under Federal Rule of Civil Procedure 15.

A party seeking to amend a pleading after the deadline set by the applicable scheduling order must demonstrate "good cause" for modifying the order. Fed. R. Civ. P. 16(b)(4). "Good cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10–3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (internal quotations and alterations omitted).

Rule 15 permits a party to "amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). The Third Circuit employs "a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities." *WebXchange Inc. v. Dell Inc.*, Civ. No. 08-132, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990)).

### III. DISCUSSION

The success of Plaintiff's summary judgment motion hinges on whether Defendant's motion to amend is granted. Because these motions are heavily intertwined, the Court will briefly overview the parties' summary judgment arguments before addressing Defendant's motion to amend.

A. **Plaintiff's Motion for Partial Summary Judgment**

   i. **Count I – Breach of Contract**

To state a valid breach of contract claim, a plaintiff must establish that: (1) a valid contract existed between the plaintiff and defendant, (2) the defendant breached the contract, and (3) the plaintiff incurred damages as a result of that breach. *See Luscko v. S. Container Corp.*, 408 F. App'x 631, 636 (3d Cir. 2010).

Plaintiff argues that the first element is established because Defendant admitted in the Answer to receiving the pre-delivery fee from Plaintiff, and further admitted to having made an agreement to perform certain services in a timely manner. (Doc. 55-1 at 12.) In arguing this, Plaintiff relies on an admission in paragraph 31 of the Answer – one of the paragraphs that Defendant alleges it mistakenly admitted, but which it meant to deny. (Doc. 55-1 at 16; Doc. 55-5 at 3.) Thus, Defendant argues that this element cannot be established if it is permitted to amend its Answer.

Plaintiff argues that the second element, breach, is established by the fact that Defendant's eBay advertisement estimated delivery of the vehicle to be "Fall 2016," yet, by the time the Complaint was filed in March 2017, the vehicle still had not been delivered. (Doc. 55-1 at 17.) He states that the "timely receipt of the Vehicle was the sole purpose of the agreement from the Plaintiff's perspective." (Doc. 55-1 at 17.) Defendant argues that there is a dispute of fact over the

parties' agreed terms of delivery and responsibility for delays, which would make summary judgment inappropriate. (Doc. 67-1 at 4–5.)

Finally, Plaintiff argues that the third element, damages, is established because Defendant never refunded the pre-delivery fee he paid. (Doc. 55-1 at 18.)

### ii. Count V – Violation of the NJCFA

To state a claim under the NJCFA, a plaintiff must allege: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Zaman v. Felton*, 219 N.J. 199, 222 (2014).

Paragraph 61 of the Complaint states in part: "Defendant committed an unconscionable commercial practice, with deception, fraud and misrepresentation in connection with the sale of services in violation of the New Jersey Consumer Fraud Act." The corresponding paragraph 61 of the Answer states "Admitted." Plaintiff argues that this explicit admission of a violation of the NJCFA requires granting summary judgment on this count. (Doc. 55-1 at 67.)

Defendant argues that this was clearly a proofreading mistake, as it would not deny the preceding paragraphs' allegations relating to each element of an NJCFA claim but then openly admit to violating the statute. (Doc. 67-1 at 5; Doc 60-3 at 4.) It further argues that there is a dispute of fact as to whether Plaintiff was acting as a consumer or a reseller, and accordingly whether he may bring a claim under the NJCFA at all. (Doc. 67-1 at 5.)

### B. Defendant's Motion to Amend the Answer

Defendant claims that a number of admissions in the Answer were due to "word processing and proofreading mistake[s]" and asks that the Court grant it leave to correct these errors. (Doc. 67-1 at 2.) It argues that, once these mistaken admissions are corrected, summary judgment should

be denied because Plaintiff cannot establish the necessary elements of Counts I and V without these admissions. (Doc. 67-1 at 5.)

Plaintiff opposes Defendant's proposed amendments. (Doc. 64.) Although he concedes that Defendant has not acted in bad faith, he argues that he will be highly prejudiced if Defendant is permitted to amend its Answer. (*Id.* at 5.) In making this argument, Plaintiff points to Defendant's lengthy delay in seeking leave to amend. The Answer was filed on June 9, 2017 (Doc. 8); this Court's scheduling order (Doc. 38) set that the time to seek amendments to the pleadings would expire on August 24, 2018; and Defendant gave notice that it would seek to amend its pleading on August 13, 2019 (Doc. 60). Thus, Defendant did not seek leave to amend until two years after filing the Answer, and almost one year past the deadline imposed by the scheduling order.

i. **Amendment under Rule 16**

Because the deadline set in the scheduling order has passed, the Court must first address whether Defendant should be given leave to amend under Rule 16. Defendant argues that its request is based on inadvertent word processing errors and the delay in seeking leave to amend should thus be excusable. (Doc. 60-3 at 2.)

A district court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civ. No. 08-2177, 2012 WL 406905, at *4 (D.N.J. Feb. 7, 2012). The court may find Rule 16(b) to be satisfied because of "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the scheduling order." *Id*. (internal quotations omitted).

Courts within the Third Circuit have found that parties satisfied Rule 16(b) where the proposed amendments "were the result of mistake." *See, e.g., Greygor v. Wexford Health Sources,*

*Inc.*, Civ. No. 14-1254, 2016 WL 772740, at *5 (W.D. Pa. Feb. 27, 2016) (recognizing that for Rule 16(b) purposes "inadvertence can be found to be sufficient to constitute good cause"); *Young v. United States*, 152 F. Supp. 3d 337, 355 (D.N.J. 2015) (permitting a late amendment and stating that a defendant's mistake in its pleadings "establishes good cause to depart from the deadlines set in the scheduling order"); *Schreck v. Walmart*, Civ. No. 08-5729, 2009 WL 4800225, at *2 (D.N.J. Dec. 8, 2009) (finding good cause under Rule 16(b) when defendant's motion to amend the answer was based on "inadvertent mistake" in drafting).

Here, Defendant's proposed amendments are the result of its counsel's mistake in drafting and proofreading the Answer. Although there is no question that counsel should have been more cautious in proofreading the Answer, denying leave to amend under Rule 16(b) would result in several counts being decided on obvious typographical errors. As "inadvertent mistake" may satisfy Rule 16(b), the Court finds that Defendant's allegations are sufficient here. *See Schreck*, 2009 WL 4800225 at *2; *Monroe v. City of Hoboken*, Civ. No. 11-2556, 2012 WL 1191177, at *7 (D.N.J. Apr. 10, 2012) ("The Court does not condone failure to comply with its scheduling orders. However, the rules are meant to ensure fair and efficient litigation, not to 'trap' attorneys").

### ii. Amendment under Rule 15

Having found that Rule 16(b) is satisfied, the Court must next address whether leave to amend should be denied under Rule 15 for any reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff argues that Defendant's proposed amendments should be denied because amendment would be unduly prejudicial. (Doc. 64 at 2.) He asserts that Defendant's delay in

8

seeking an amendment caused him unnecessary expense because he relied on the admissions in the Answer when drafting and filing his summary judgment motion. (*Id.* at 10.) He claims he would have styled his litigation strategy differently had he known that Defendant was in fact denying certain allegations. (*Id.*) For example, he argues that he did not depose Kenneth Gold, an operator of Defendant, because the admissions in the Answer led him to believe it was unnecessary. (*Id.* at 11.) In contrast, Defendant claims that amendment would not prejudice Plaintiff, as it was obvious that the admissions in the Answer were in fact word processing errors. Defendant argues that Plaintiff clearly knew that Defendant was not actually admitting to violating the NJCFA, based on its repeated denials of doing so during previous status conferences and settlement discussions. (Doc. 60-3 at 2, 4.)

Plaintiff offers two cases in support of his argument that amendment would be highly prejudicial: *Valentin v. Phila. Gas Works,* 128 F. App'x 284 (3d Cir. 2005), in which the court denied the plaintiff's request to amend the pleading to assert a new cause of action, and *Strauss v. Douglass Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968), in which the court denied a defendant's request to amend the pleadings to raise a statute of limitations defense four years after filing its answer. (Doc. 64 at 3–6.) Neither of these cases, however, address the situation here, where a defendant is attempting to correct word processing errors in its response to currently existing causes of action.

More directly on point is *Slade v. Fauver*, Civ. No. 90-1417, 1990 WL 153960, at *5 (D.N.J. Sept. 24, 1990), a case which Defendant's motion relies on. In *Slade,* the defendant mistakenly admitted in the Answer to many of the Complaint's allegations; relying on these admissions, the plaintiff moved for summary judgment. *Id.* The *Slade* court denied the plaintiff's

motion and permitted the defendant to amend its Answer, stating that the "case should be decided on the merits and not on a word processing error." *Id.* at *5.

Although the defendant in *Slade* moved to amend at an earlier stage in the litigation than Defendant has done here, this Court finds the reasoning in *Slade* nonetheless persuasive. Reading the Answer as a whole, the alleged mistakes are strikingly inconsistent with the rest of the Answer, and do in fact appear due to Defendant's counsel's proofreading errors and lack of oversight. While the Court is conscious of Plaintiff's frustration at Defendant's delay in seeking to amend, "[d]elay alone is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *High 5 Games, LLC v. Marks*, Civ. No. 13-7161, 2017 WL 349375, at *4 (D.N.J. Jan. 24, 2017) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

The Court cannot find undue prejudice here. "Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." *High 5 Games,* 2017 WL 349375 at *4 (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

Plaintiff argues that amendment is unduly prejudicial because of the costs he has expended to file his present motion for summary judgment, and because he chose not to depose Kenneth Gold in light of the admissions in the Answer.[2] (Doc. 64 at 10–11.) However, this is not enough to overcome "the liberal approach set forth in Rule 15." *Pulchalski v. Franklin Cty.*, Civ. No. 15-

---

[2] Plaintiff also argues that, had he known that Defendant in fact denied violating the NJCFA, he may not have chosen to pursue the litigation. (Doc. 64 at 11.) Given the fact that the parties have engaged in numerous status conferences, and participated in a settlement conference (Doc. 50) that did not result in settlement of any claims, the Court is skeptical that Plaintiff fully believed Defendant was openly admitting to violating the NJCFA.

1365, 2016 WL 1363764, at *1 (M.D. Pa. Apr. 6, 2016). Although Plaintiff may now wish to depose Kenneth Gold as a result of the amendments in the Answer, this single extra deposition does not reach the level of undue prejudice. "The fact that some additional discovery may result from [a party's] amendment is not enough to establish the sort of prejudice necessary to deny [that party's] motion." *Evonik Degussa GMBH v. Materia Inc*., Civ. No. 09-636, 2011 WL 13152274, at *6 (D. Del. Dec. 13, 2011) (permitting amendment under Rule 15 despite the resulting need to conduct further depositions); *see also Williams v. City of York, Pennsylvania*, Civ. No. 15- 0493, 2016 WL 2610007, at *6 (M.D. Pa. May 6, 2016) (permitting amendment under Rule 15 despite potential requirement for further depositions, stating that "[i]nasmuch as the amendment would result in prejudice . . . it can be cured by extending the discovery deadlines").

Granting Defendant's motion to amend will not significantly affect discovery, but it will assist in moving this case towards a resolution "on the merits rather than on technicalities." *Dole*, 921 F.2d at 487. As the Third Circuit has "held consistently that leave to amend should be granted freely" in situations where it would allow claims to be decided on their merits, this Court will follow that directive and grant leave to amend the Answer here.[3] *Id*. at 486.

## IV. CONCLUSION

For the reasons expressed above, Defendant's motion (Doc. 66) for leave to amend its answer is GRANTED. Because Plaintiff's motion (Doc. 55) for summary judgment is based

---

[3] Plaintiff also argues that, even Defendant is permitted to amend the Answer, summary judgment should nevertheless be granted because an amended Answer would still show that Defendant "engaged in unconscionable conduct and business practices which are paradigm examples of violations of the Consumer Fraud Act." (Doc. 64 at 12–13.) In light of the material factual disputes asserted by Defendant—such as whether Plaintiff was acting as a consumer and the disputed terms of vehicle delivery—the Court declines to grant summary judgment at this point, as it would require weighing evidence and deciding a factual dispute. *See Marino v. Indus. Crating Co*., 358 F.3d 241, 247 (3d Cir. 2004). ("In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence.")

11

largely on the original Answer, the motion will be DENIED as moot. An accompanying Order shall follow.


Dated:   3/2/2020                                                                                    s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                          United States District Judge